UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| In re:  Marlin Francis Reckow ) | Bankruptcy No. 10-20624 |
| Debtor ) | |
| ) | Chapter 7 |
| Address:    8298 Lock Ln ) | |
| Warrenton, VA 20186-8451 ) | |
| ) | |
| SSN: xxx-xx-1990 ) | |

### NOTICE OF MOTION(S)

Agricredit Acceptance, LLC has filed papers with the court to Grant Relief from the Automatic Stay.

<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the relief sought in the motion (or objection), or if you want the court to consider your views on the motion (or objection), then on or before March 25, 2011, you or your attorney must:

[x]    File with the court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankrutpcy Rule 9013-1(H)]. If you mail your request for hearing (or response) to the court for filing, you must mail it early enough you must mail it early enough so the court will **receive** it on or before the date stated above.

                         Clerk of Court
                         United States Bankruptcy Court
                         Alexandria Division
                         200 S. Washington St.
                         Alexandria, VA 22314-5405

You must also mail a copy to:

                         Matthew D. Huebschman, Esq.
                         SHENANDOAH LEGAL GROUP, P.C.
                         Post Office Box 75
                         Roanoke, Virginia 24010-0075

>Donald F. King, Trustee
>9302 Lee Highway, Suite 1100
>Fairfax, VA 22030
>
>Steven B. Ramsdell, Esq.
>30 N. Washington Street, Suite 202
>Alexandria, VA 22314

[ ]    Attend a hearing to be scheduled at a later date. You will receive separate notice of hearing. **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing**

[x ]   Attend the hearing on the motion (or objection) scheduled to be held on April 20, 2011 @ 9:30 a.m., at the United States Bankruptcy Court, 200 S. Washington St., Alexandria, VA 22314-5405.   Courtroom I

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: March 25, 2011

>*/s/ Matthew D. Huebschman*
>Matthew D. Huebschman, Esq.
>SHENANDOAH LEGAL GROUP, P.C.
>Post Office Box 75
>Roanoke, Virginia 24010-0075
>(540) 344-4490
>Virginia State Bar No. 44181
>Counsel for Agricredit Acceptance, LLC

## CERTIFICATE OF SERVICE

I certify that I have this 25th day of March, 2011, mailed or hand-delivered a true copy of the foregoing Notice of Motion (or Objection) to the parties listed on the attached service list.

>*/s/ Matthew D. Huebschman*

Donald F. King, Trustee
9302 Lee Highway, Suite 1100
Fairfax, VA 22030

Steven B. Ramsdell, Esq.
30 N. Washington Street, Suite 202
Alexandria, VA 22314

Marlin Francis Rekow
8298 Lock Ln
Warrenton, VA 20186-8451

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| In re: | **Marlin Francis Reckow** | ) | Bankruptcy No. 10-20624 |
|---|---|---|---|
| | Debtor | ) | Chapter 7 |

| | | |
|---|---|---|
| **AGRICREIDT ACCEPTANCE, LLC** | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MARLIN FRANCIS RECKOW** | ) | |
| **DONALD F. KING, Trustee** | ) | |
| Respondents | ) | |

## MOTION FOR RELIEF

COMES NOW Agricredit Acceptance, LLC, (hereinafter referred to as "Movant"), and moves the Court for relief from the automatic stay pursuant to U.S.C. §362 (d) on following described personal property, to-wit:

Kioti DS4510 Tractor Serial No. JH6100209
Kioti KL402 Loader Serial No. ST90507389

1. Movant is the owner, and holder of a purchase money security agreement ("PMSI") on the above described property.

2. This is a motion pursuant to 11 U.S.C. Sec. 362 (d) and Fed. R. Bankr. P. 4001 seeking relief from the automatic stay in bankruptcy.

3. The Debtor, Marlin Francis Rekow, has defaulted in the payments due under the terms of the purchase money security agreement or has otherwise defaulted under the terms of the purchase money security agreement forming the basis for the PMSI in this case.

Proponent of Motion
Matthew D. Huebschman, Esq., VSB 44181
Of Counsel to Movant
P.O. Box 75, Roanoke, VA 24002-0075

4. There is due and owing to Movant on the above described property the sum of $15,525.12, together with interest, costs of $150.00 and attorney's fees of $425.00, along with such expenses of retaking and refurbishing as are necessary to sell the personal property under Article 9 of the Uniform Commercial Code. There are arrearages of $1,230.98.

5. Debtor is unable or unwilling to provide adequate protection to Movant and the automatic stay is resulting in a decrease in the value of Movant's interest in the subject property.

6. There is no equity remaining in the property for the Debtor or the bankruptcy estate and the Debtor and the Trustee should abandon the property to the Movant as such property is not necessary to an effective reorganization.

## NOTICE

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. ( If you do not have an attorney, you may wish to consult one.)**

**If you do not wish the Court to grant the relief sought in this motion, or if you want the court to consider your views on the motion, then within fourteen (14) days from the date of service of this motion, you must file a written response explaining your position with the Court and serve a copy on the movant, JP Morgan Chase Bank, N.A., c/o Shenandoah Legal Group, P.C. Unless a written response is filed and served within this fourteen day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice of hearing.**

**If you mail your response to the Court for filing, you must mail it early enough so the Court will received it on or before the expiration of the fifteen day period.**

**You will be notified separately by the Clerk of the hearing date on the motion.**

WHEREFORE, JP Morgan Chase Bank, N.A. moves the Court for relief from the automatic stay pursuant to 11 U.S.C. §362 to permit Movant to seek relief under state law remedies of the sale of the property and application of the proceeds to the indebtedness, and for such other and further relief as may be necessary and just.

Respectfully submitted,
JP Morgan Chase Bank, N.A.

By:_/s Matthew D. Huebschman_
Of Counsel

Matthew D. Huebschman, Esq. (VSB# 44181)
  Of Counsel to Plaintiff
SHENANDOAH LEGAL GROUP, P.C.
P.O. Box 75
Roanoke, VA  24002
(540) 344-4490

## CERTIFICATE OF SERVICE

I certify that I have this 25th day of March, 2011, mailed or hand-delivered a true copy of the foregoing Motion to the parties listed on the attached service list.

/s/ <u>*Matthew D. Huebschman*</u>

Donald F. King, Trustee
9302 Lee Highway, Suite 1100
Fairfax, VA 22030

Steven B. Ramsdell, Esq.
30 N. Washington Street, Suite 202
Alexandria, VA 22314

Marlin Francis Rekow
8298 Lock Ln
Warrenton, VA 20186-8451

**Agricredit Acceptance LLC**   Date 03/03/10
**RETAIL INSTALMENT CONTRACT AND SECURITY AGREEMENT**
Contract Number: 101-348664 (Internal Use Only)

(Agricultural and Commercial Use)

**BUYER**
Buyer Name: MARLIN REKOW
Mailing Address: 8298 LOCK LN, WARRENTON VA 20186

**SELLER**
Seller Name: SETTLE'S CARS & TRUCKS LLC
Mailing Address: 706 ZACHARY TAYLOR HWY, FLINT HILL VA 22627

**ASSIGNEE**
Assignee Name: Agricredit Acceptance LLC
Seller is the Creditor in this Transaction. This Contract will be assigned to Agricredit Acceptance LLC

**EQUIPMENT LOCATION:** 8298 LOCK LN, WARRENTON VA 20186

### EQUIPMENT DESCRIPTION

| N/U | Make and Model of Purchased Property | Serial Number | Describe Purchased Property | Cash Price |
|---|---|---|---|---|
| N | KIOTI DS4510 | JH6100209 | TRACTOR | 21,500.00 |
| N | KIOTI KL402 | ST90507389 | LOADER | |

Note: Although the above Purchased Property may be described as "New", that description does not mean the Purchased Property was necessarily manufactured in the current year.

### TRADE-IN DESCRIPTION

| DESCRIPTION (include make and model) | SERIAL NUMBER | TRADE-IN ALLOWANCE | LESS OWING | NET TRADE-IN |
|---|---|---|---|---|
| | | | | |

In this Contract, "I", "me", "my" and "Buyer" refer to the buyer(s) named above (if more than one, jointly and severally). Except in the Notice to Buyer paragraph, "You" and "your" refer to Seller or, following assignment, Assignee, as the context may require.

1. **Property Sold.** Seller has offered to sell me the property described above as the Purchased Property (the "Purchased Property") for a cash price or a higher credit sale price. I have chosen to buy it on credit for the Total Credit Sale Price of $ 22,913.60.

2. **Promise to Pay.** I promise to pay you a Total of Payments equal to $ 17,913.60. I will pay you in:

60 Monthly ☒  Quarterly ☐  Semiannually ☐  Annually ☐  Other ☐ (if checked, see attached schedule) instalments of $298.56 beginning 04/15/10. Unless a schedule is attached, each instalment will be due on the same day of the applicable month.

☐ If this is checked, then equal monthly instalments are payable on the same day of each consecutive month except for the months of _____ each year. I will send my payments to Agricredit Acceptance LLC, P.O. Box 14535, Des Moines, IA 50306

3. **Administration Fee.** Buyer agrees to pay a fee of $ 100.00. Buyer understands that the Assignee is paid $ 100.00 of the fee and Seller retains the rest and that the Assignee and Seller may make a profit on this fee.

4. **Security.** To protect you if I default on any obligation I owe you under this contract and all other indebtedness I owe you now or in the future, I hereby grant you a security interest in the purchased property described above and the proceeds thereof. The security interest also covers all accessions, replacements and repairs. Accessions are goods installed in or attached to the Purchased Property. I further agree to execute any documents required by you to perfect or maintain the security interest granted in this paragraph as a first priority security interest. I hereby Authorize, ratify and approve any financing statement covering the Purchased Property that has been filed by you on or prior to the date of this contract.

5. **Acknowledgement.** I acknowledge receipt of the Purchased Property, have inspected the same and acknowledge the Purchased Property to be as described above and in good order and condition. I also acknowledge the Purchased Property will be used for agricultural, business or commercial purposes.

6. **Trade-Ins.** I represent and warrant that trade-in property, if any, is free and clear of all security interests, liens and encumbrances.

7. **Late Charges.** I agree that any instalment past due more than 10 days is subject to a late charge accrued at an interest rate of 21% per year from the due date until paid or $1, whichever is greater, but in no event shall any late charge exceed the maximum allowed by law.

(additional terms continued on next page)

### ANALYSIS OF SALE

| | | |
|---|---|---|
| Cash Price | 1. | 21,500.00 |
| Sales Taxes | 2. | .00 |
| Total Cash Price | 3. | 21,500.00 |
| Cash Down Payment | 4. | 5,000.00 |
| Net Trade-in | 5. | .00 |
| Total Down Payment (4 + 5) | 6. | 5,000.00 |
| Unpaid Balance of Cash Price (3 − 6) | 7. | 16,500.00 |
| Other Charges: | | |
| a. Physical Damage Insurance | 8. | .00 |
| b. Life Insurance | 9. | .00 |
| c. For Filing Fees | 10. | 20.00 |
| d. Administration Fee | 11. | 100.00 |
| e. Other: _____ | 12. | .00 |
| Total Other Charges (8 + 9 + 10 + 11 + 12) | 13. | 120.00 |
| Amount of Credit (7 + 13) | 14. | 16,620.00 |
| Deferred Finance Charge | 15. | 1,293.60 |
| Total of Payments (14 + 15) | 16. | 17,913.60 |
| Total Credit Sale Price (3 + 13 + 15) | 17. | 22,913.60 |
| DEFERRED FINANCE CHARGE RATE | 18. | 2.990 % |

The starting date for purposes of calculating the Finance Charge is 03/15/10. (If different from contract date — must be 1st or 15th of month.)

**PRECOMPUTED CONTRACT.** This is a precomputed contract. This means that the Total of Payments is computed in advance assuming all payments are made when due. The Total of Payments is comprised of the Amount of Credit and the Deferred Finance Charge. The Deferred Finance Charge is also determined in advance assuming an annual interest rate of 2.990 % beginning 03/15/10.

### NOTICE TO BUYER
1. DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES.
2. YOU ARE ENTITLED TO AN EXACT COMPLETELY FILLED IN COPY OF THIS CONTRACT WHEN YOU SIGN IT. KEEP IT TO PROTECT YOUR LEGAL RIGHTS.
3. UNDER THE LAW, YOU MAY HAVE THE FOLLOWING RIGHTS, AMONG OTHERS:
   (A) TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND TO OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE.
   (B) TO REDEEM THE PROPERTY IF REPOSSESSED FOR A DEFAULT WITHIN THE TIME PROVIDED BY LAW.
   (C) TO REQUIRE, UNDER CERTAIN CONDITIONS, A RESALE OF THE PROPERTY IF REPOSSESSED.
4. YOU ACKNOWLEDGE HAVING READ THE ENTIRE CONTRACT AND ACKNOWLEDGE RECEIPT OF A TRUE COPY AT THE TIME OF ITS EXECUTION. BY SIGNING BELOW, YOU AGREE TO ALL THE CONTRACT'S TERMS, INCLUDING THOSE ON PAGE 2. YOU UNDERSTAND THAT SELLER WILL ASSIGN THIS CONTRACT AND YOU AGREE ASSIGNEE WILL SUCCEED TO ALL OF SELLER'S RIGHTS AND REMEDIES BUT NONE OF SELLER'S OBLIGATIONS.

SELLER: SETTLE'S CARS & TRUCKS LLC
By: _[signature]_   Title: _____

BUYER: MARLIN REKOW
By: _[signature]_   Title: _____

AAC 3889-2 (Fax) (4/08)   Page 1 of 3

**RETAIL INSTALMENT CONTRACT AND SECURITY AGREEMENT**

<u>Additional Terms</u>

8. **Prepayments and Application of Payments.** I may prepay my obligation in full at any time prior to maturity and I may be entitled to a refund of the unearned portion of certain finance charges. Unless applicable law requires otherwise, the refund will be calculated according to the actuarial method. Unless required by law, I will not be entitled to a refund of any origination or administration fee. Payments received may be applied at Assignee's discretion to obligations hereunder or to any other indebtedness owed by me to Assignee despite directions, if any, appearing on the remittance, and to late charges first and then to the amount owing.

9. **Change of Location.** I will notify Assignee of any change in the state of my location (as such term is defined or determined in the Uniform Commercial Code) and of any permanent change in my address as shown on this Contract not more than twenty (20) days following each change.

10. **Encumbrance of Purchased Property.** I agree to: (a) keep the Purchased Property free of all liens, taxes, security interests, other encumbrances and seizure or levy; (b) maintain the Purchased Property in good repair and condition; (c) not use the Purchased Property illegally; (d) not cause or permit waste or destruction of the Purchased Property; and (e) not sell, lease or otherwise dispose of, or transfer any interest in the Purchased Property or move the Purchased Property outside of the contiguous forty-eight states of the United States. I will notify Assignee of each change in the place where said property is located or used not more than twenty (20) days following each change in location. Assignee may, at any time before or after default, enter any premises under my control to inspect the Purchased Property.

11. **Protection of Purchased Property.** If I default, as defined below, you may, at your option, in addition to other rights you may have (but you are not obligated to): (a) pay any taxes and discharge liens, security interests or other encumbrances at any time placed or levied on the Purchased Property; (b) pay for insurance on the Purchased Property; and (c) pay for the maintenance and preservation of the Purchased Property. I agree to immediately reimburse you upon demand for all expenses incurred pursuant to this authorization and if I fail to do so, any amount so paid by you will accrue interest at the lesser of 21% per year or such lower rate as is allowed by applicable law, until paid in full.

12. **Certificate of Title.** If any Purchased Property is subject to any certificate of title act, for all such property I will immediately apply for/obtain certificate(s) of title and registration for each item of property being purchased; each certificate shall include listing of a lien in the amount of the Deferred Payment Price listed in the "Analysis of Sale" on page one; the name of the lienholder shall be Assignee or such other person as Assignee shall direct in writing; and I will provide you with evidence of the continuing effectiveness of such lien as may be reasonably requested from time to time. In addition, I will deliver or cause to be delivered to Seller the original certificate(s) of title for each item of such property.

13. **Dishonored Payment.** In the event any check or other form of payment made by me is returned, I agree to pay you the lesser of $25 or the highest amount permitted by law, which amount may be added to my indebtedness secured by the Purchased Property.

14. **Insurance.** I agree to maintain insurance, in amounts and type as you may reasonably require, at all times with respect to the Purchased Property. In addition, the insurer, terms and periods of coverage shall be such as are satisfactory to you. Such insurance shall provide you with 10 days advance notice of cancellation and name you as a loss payee through a Lender's Loss Payable Clause which is a clause that provides that any acts by me will not void the policy as to you. I agree to furnish you with evidence of insurance coverage, satisfactory to you, within 15 days of the date of this Contract. If I fail to deliver such evidence, or should the insurance be canceled or allowed to lapse before full payment of my obligations, you may, but are not obligated to, purchase or otherwise provide such insurance and I agree to reimburse you for the cost of such insurance, together with interest thereon at the Deferred Finance Charge Rate from the date such insurance was purchased until paid. Such reimbursement amount and the interest thereon shall, as specified by Assignee, either be paid on demand or be added to the Total of Payments amount, item number 16 of the Analysis of Sale, and I promise to pay the resulting increase in the installments. Except as may otherwise be separately agreed, you shall have no responsibility to me for the cost or appropriateness of the premium for any insurance, the creditworthiness of any insurance company, the rebate or refund of any insurance premium to which I may be entitled or any other matter relating to any insurance even if any insurance was provided through a group policy arranged by you. There is no insurance coverage for personal liability or property damage caused to others.

15. **Default.** I will be in default if:
a. I fail to pay, in full, any one installment payment when due;
b. I fail to perform any obligation under this Contract or any other document evidencing any obligations now or hereafter owed to you;
c. I become the subject of a bankruptcy, receivership or insolvency proceeding;
d. Any representation or statement made by me to obtain this financing proves false or misleading;
e. Any event results in the acceleration of maturity of any indebtedness I owe to you or any other person or entity under any note, contract or undertaking;
f. The Purchased Property is damaged, lost, destroyed, stolen, sold or subject to any other lien or encumbrance; or
g. You, in good faith, believe that I may not be willing or able to pay you as promised or you, in good faith, deem yourself insecure.

16. **Remedies Upon Default.** If I am in default all indebtedness hereunder, less unearned finance charges, shall be immediately due and payable, all payments heretofore made by me shall be retained by you and, you may, but need not repossess the property without notifying me, sell the collateral, and use money from the sale of the property to pay my debt obligations. You will notify me at least 10 days before the sale (unless notice is not required by law). You may also exercise any other legal rights you may have. Your rights are subject to any rules of the Uniform Commercial Code or other applicable law that limit creditors' rights. If I am in default, I agree to pay you reasonable attorneys' fees and collection costs incurred by you as permitted by applicable law. Subject to the limitations of state law, I agree to pay any deficiency upon demand by Assignee, any surplus however, shall be paid to me.

17. **Insertion and Correction of Information; Modification, Waiver, Etc.** I authorize you to insert in this Contract the serial number and/or model numbers of the Purchased Property if unknown at the time this Contract is executed, correct any errors in such numbers reflected in this Contract at the time this Contract is executed and correct any other patent errors in the description of the property reflected in this Contract at the time this Contract is executed; to fill in blanks existing in this Contract at the time this Contract is executed; and to correct any patent errors in this Contract. No other insertion, correction or completion nor any change of or addition to this Contract shall be effective unless agreed upon in writing by the parties.

18. **Financial and Credit Information:** I authorize you to obtain credit bureau reports and make other credit inquiries that you determine are necessary and agree that without further notice you may use or request additional credit bureau reports to update our information so long as the undersigned has any outstanding indebtedness or obligations owed to you. I further agree to provide you, promptly after your request, such income statements, balance sheets and other financial statements and information and such federal and state income tax returns concerning me that you determine are necessary.

19. **Other Terms.** The law of the state of my address shown on the front page hereof shall govern all matters relating to this Contract. Any provision hereof deemed invalid or unenforceable in such state shall be inoperative, but without invalidating the remaining provisions hereof. I know that you intend to assign this Contract to Assignee. No assignment or extension hereof or of any interest herein, or loss, injury, damage or destruction of or defect in the Purchased Property shall release me from my obligations hereunder. My obligation to pay directly to Assignee any amounts payable hereunder is absolute and unconditional under all circumstances and is not subject to any abatement, reduction, setoff, recoupment, claim, defense or counterclaim of any kind or for any reason whatsoever, all of which I hereby expressly waive as against Assignee. I will not assert against Assignee any claim, defense, setoff, reduction, dispute, recoupment or counterclaim of any kind or for any reason whatsoever which I may have against Seller or any manufacturer of the Purchased Property. Assignee shall have all of the rights, remedies, powers and privileges of Seller hereunder, but shall have none of Seller's obligations. In no case shall Assignee be liable for any special, incidental or consequential damages based upon any legal theory, including, but not limited to, loss of profits, loss of use of the Purchased Property, the claims of third parties and injury to the Purchased Property.

20. **Counterparts; Facsimile and Electronic Copies.** This Contract may be executed in any number of counterparts and by a different party in separate counterparts, may be accepted by Assignee in any number of counterparts and in separate counterparts and may be transmitted by facsimile or electronic mail. I agree that a copy of this Contract bearing my signature which was transmitted by facsimile or printed from an electronic file shall be admissible in any legal proceeding as evidence of its contents and its execution by the parties in the same manner as an original document. I further agree to not object to the admissibility of a copy of this Contract bearing my signature into evidence under the business records exception to the hearsay rule or based on the best evidence rule or otherwise and expressly waives any right to do so. Notwithstanding the fact that this Contract may be executed in more than one counterpart, the sole execution original of this Contract for purposes of taking possession of this Contract, including without limitation taking possession under UCC 9-330, shall be either: (a) the original of this Contract which bears an original signature of each party to this Contract and which bears the original signature of Assignee accepting the assignment of this Contract or (b) the facsimile, electronic or other counterpart copy of this Contract signed by the parties and bearing the original signature of Assignee accepting the assignment of this Contract.

**NO WARRANTIES**
**(Except Residents of Kansas)**

I HAVE THE BENEFIT OF ANY SEPARATE WRITTEN WARRANTY THAT SELLER HAS GIVEN ME. EXCEPT AS STATED IN THAT WARRANTY (IF ANY), THE PURCHASED PROPERTY IS SOLD "AS IS". THAT MEANS I TAKE THE WHOLE RISK OF PERFORMANCE AND QUALITY, AND YOU ARE NOT RESPONSIBLE IF THE PURCHASED PROPERTY IS NOT AS GOOD AS I EXPECT IT TO BE, OR IF IT DOES NOT PERFORM AS I EXPECT IT TO. YOU HAVE NOT MADE ANY PROMISES TO ME ABOUT THE PURCHASED PROPERTY. YOU HAVE TOLD ME IN PARTICULAR THAT YOU DO NOT WARRANT THAT THE PURCHASED PROPERTY IS MERCHANTABLE OR THAT IT IS FIT FOR ANY PARTICULAR PURPOSE. THE PURCHASED PROPERTY WOULD NOT BE MERCHANTABLE IF, FOR EXAMPLE, IT WERE NOT FIT FOR THE ORDINARY PURPOSES FOR WHICH PURCHASED PROPERTY OF THE SAME KIND IS USED. IN NO CASE SHALL YOUR RESPONSIBILITY TO ME BE GREATER THAN THE CASH PRICE OF THE PURCHASED PROPERTY OR THE AMOUNT NEEDED TO REPAIR PURCHASED THE PROPERTY, WHICHEVER IS LESS. ANY ACTION FOR BREACH OF WARRANTY MUST BE COMMENCED WITHIN THIRTEEN (13) MONTHS FOLLOWING DELIVERY OF THE PROPERTY.

**Additional Terms**    RETAIL INSTALMENT CONTRACT AND SECURITY AGREEMENT

---

### ASSIGNMENT

For value received, the Seller hereby sells, assigns, and transfers to Agricredit Acceptance LLC (Assignee) all of the Seller's right, title, and interest in and to the within Contract and all rights thereunder, together with all the Seller's right, title and interest in and to the property therein described, subject to the terms more fully set out in the Seller's Retail Financing Agreement, such assignment to be accepted by Assignee only at its office in Johnston, Iowa.

3-6-10
Date (Month, Date, Year)

SETTLE'S CARS & TRUCKS LLC
Seller's Name

By _Run Settle_
Authorized Signature

---

### ASSIGNEE ACCEPTANCE

Assignee hereby accepts the Seller's assignment of the within Contract in Johnston, Iowa.

3/16   20 ___    Agricredit Acceptance LLC    By _Matt____
Authorized Signature

---

AAC 3889-2 (Fax) (4/08)    Page 3 of 3

## Sale Price Equipment Addendum

| MAKE AND MODEL NUMBER | SERIAL NUMBER | DESCRIBE EQUIPMENT PURCHASED | SALE PRICE $ |
|---|---|---|---|
| KIO DS4510 | JH6100209 | TRACTOR | 17,500.00 |
| KIO KL402 | ST90507389 | LOADER | 4,000.00 |

Seller
SETTLE'S CARS & TRUCKS LLC
_____
Seller Signature & Title

Buyer
MARLIN REKOW
_____
Buyer Signature & Title

_____
Seller Signature & Title

_____
Buyer Signature & Title

```
CUST.02                    Contract Detail Information          03/22/2011
                              ** More Messages **
Lessor.. 101        Cust MARLIN REKOW              Branch 1       EAST
Contract 0348664-000 Cntc                    01* Dealer 011253.6400 SETTLE'S
L/Worked 02/24/11   Tel. 540-219-3500

02* Delin Cd   91         Commenced. 03/15/10     20* End Dep
    L/Pymt... 11/02/10    Cont Term. 60           21* Tot Due 1,230.98
    Paid To.. 12/15/10    Term Date. 03/15/15     22* Tot P/D 1,215.31
    Due Day.. 15       14* Asset Data                 Net Res
    Lead Days 21          Gross Cont    17,913.60     Collat.
    B/Cycle.. YYYYYYYYYYYY Pymts 8.00    2,388.48 25* Comment   +
    Pymt Amt.    298.56 Balance...     15,525.12     10-20624-SSM CH 7 fi
09)
    ------------------------------ Total Due ------------------------------
    |   Current Due..               06* Late Charges        36.74     |
    |   Pastdue  1-30       298.56      Interest.....                 |
    |   Pastdue 31-60       298.56      Taxes........                 |
    |   Pastdue 61-90       298.56  09* Miscellaneous                 |
    |   Pastdue 91+++       298.56      Total Due....     1,230.98    |
    | Selection                                                       |
    -------------------------------------------------------------------
```

*Past Dues.* (handwritten annotation)

101-348664

CLERK'S OFFICE
2010 MAR 19 AM 10: 53

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
NATE LEES 515-251-2803

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

AGCO FINANCE LLC
PO BOX 4000
JOHNSTON IA 50131

100319 7061

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| REKOW | MARLIN | FRANCIS | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 8298 LOCK LN | WARRENTON | VA | 20186 | USA |

| 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|
| INDIVIDUAL | | ☑ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

(blank)

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| AGRICREDIT ACCEPTANCE LLC |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 4000 | JOHNSTON | IA | 50131 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

KIOTI, DS4510, TRACTOR, JH6100209
KIOTI, KL402, LOADER, ST90507389

**8. OPTIONAL FILER REFERENCE DATA**
NL VA 101

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)